IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-378-D

| | | |
|---|---|---|
| DEVON A. GAYLES EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROY COOPER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On September 20, 2021, Devon A. Gayles El ("Gayles El" or "plaintiff"), a state inmate proceeding pro se, filed a complaint based on sovereign citizen theories against 23 defendants, including North Carolina Governor Roy Cooper and the current and former secretaries of the North Carolina prison system. See [D.E. 1] 2. Gayles El has flooded the court with filings, including various affidavits, requests for discovery, tax forms, and a writ of mandamus. See [D.E. 7, 9–18]. On October 18, 2023, Magistrate Judge Meyers granted Gayles El's application to proceed in forma pauperis and issued a Memorandum and Recommendation ("M&R"), recommending that the court dismiss the action as frivolous and for failure to state a claim on which relief may be granted. See [D.E. 19] 1–2. On December 11, 2023, Gayles El objected to the M&R [D.E. 21].[1]

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review but instead must only satisfy itself that there is no clear error on the

---

[1] The court grants Gayles El's request to deem his objection timely filed. See [D.E. 21] 2.

face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). In "order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

The court has reviewed the M&R, Gayles El's objection, and the record. Gayles El's objection is general and randomly quotes various irrelevant sources. The court is satisfied that there is no clear error on the face of the record. Accordingly, the court ADOPTS the conclusions in the M&R [D.E. 19] and DISMISSES the action as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). The clerk shall close the case.

SO ORDERED. This 5 day of January, 2024.

JAMES C. DEVER III
United States District Judge